E-FILED
Wednesday, 04 December, 2024 03:24:45 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **JUDITH EVANS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MAC'S CONVENIENCE STORES LLC, doing business as, CIRCLE K, Circle K Stores, Inc., doing business as, CIRCLE K, CIRCLE K, ARC CKMST19001, LLC,**<br><br>**Defendants.** | ) | **Case No. 24-CV-1138** |

**<u>ORDER</u>**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Circle K Stores, Inc, d/b/a Circle K, and Circle K's ("Defendants") Motion to Dismiss Counts III, IV, VII and VIII of Plaintiff's Complaint (d/e 6), Plaintiff's Motion in Opposition (d/e 12), and Plaintiff's additional Response (d/e 28). Defendants' Motion to Dismiss, which the Court construes as a Motion for Summary Judgment pursuant to Rule 56, is GRANTED.

## I. BACKGROUND

On February 20, 2024, Plaintiff filed her Complaint in Morgan County, Illinois. (d/e 1-1). On April 8, 2024, Defendant Mac's Convenience store, LLC, d/b/a/ Circle K, filed a Notice of Removal. (d/e 1). Plaintiff's Complaint alleges that, on April 14, 2022, she was walking at Mac's Convenience Store, when she tripped, fell, and sustained injuries. Specifically, Plaintiff alleges that she fell on an elevated walkway which was not marked as a tripping hazard. (d/e 1-1).

## II. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties. Plaintiff, Judith Evans, is an Illinois citizen who is domiciled in Morgan County, Illinois. Defendant Mac's Convenience Stores, LLC, is a limited liability company and is incorporated under the laws of Delaware with its principal place of business in Indiana. (d/e 1-2). Defendant Circle K Stores Inc. is incorporated under the laws of Texas and its principal place of business is in Arizona. *Id.* Defendants allege Circle K is not a legal entity. Defendant ARC CKMST19001, LLC, d/b/a Circle K, is

incorporated under the laws of Delaware with its principal place of business in Rhode Island. (d/e 1-3).

Complete diversity therefore exists between the parties, and the amount in controversy exceeds $75,000. (d/e 1, p. 4; 1-1); 28 U.S.C. § 1332). Venue is proper because a substantial part of the events giving rise to the claim occurred in this judicial district, specifically in Morgan County. *See* 28 U.S.C. § 1391(b)(2); Local Rule 40.1.

A federal court, when sitting in diversity jurisdiction, applies the substantive law of the state where the court is located. *Nat'l Am. Ins. Co. v. Artisan & Truckers Case. Co.*, 796 F.3d 717, 723 (7th Cir. 2015). Because the Court has diversity jurisdiction over this action and is sitting in Illinois, and because neither party has provided any indication that a different state's law should apply, Illinois substantive law and federal procedural law apply. *Hahn v. Walsh*, 762 F.3d 617, 629 (7th Cir. 2014).

## III. LEGAL STANDARD

When moving for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, the moving party bears the burden of showing, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c); *Hummel v. St. Joseph Cty Bd. of Comm'rs*, 817 F.3d 1010, 1015–16 (7th Cir. 2016). "The moving party has the burden of either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." Id. But, even where there is no dispute as to the basic facts of a case, summary judgment will not be appropriate "if the parties disagree on the inferences which may reasonably be drawn from those undisputed facts." *Cent. Nat. Life Ins. Co. v. Fidelity & Deposit Co. of Md.,* 626 F.2d 537, 539–40 (7th Cir. 1980). The facts and all reasonable inferences derived therefrom are viewed in the light most favorable to the non-moving party. *Woodruff v. Mason*, 542 F.3d 545, 550 (7th Cir. 2008).

## IV. ANALYSIS

Defendants argue that Plaintiff's Complaint against Defendants Circle K and Circle K Stores, Inc. should be dismissed. Specifically, Defendants argue Circle K Stores, Inc. and Circle K were named as improper parties as neither own, operate, or manage the premises at issue in this matter. (d/e 6). In support thereof, Defendants provide

an affidavit from a Manager of Safety and Loss Prevention for Circle K. (d/e 6-2). The manager, Riley DeLano, attests that Mac's Convenience Stores, LLC leased, operated, and managed the premises at issue and Circle K Stores, Inc did not and Circle K is not a legal entity.

Plaintiff, in her response, argues there remains an issue of material fact as to who owns, operate, or manages the premises at issue in this matter. (d/e 28). Specifically, Plaintiff points to a photo of the gas station where Plaintiff was injured as well as a Lexis search of the address where Plaintiff fell. Plaintiff argues there must be a connection between the gas station located in Jacksonville where the fall occurred and Circle K. This, according to Plaintiff, creates a genuine issue of material fact and Plaintiff must be afforded the opportunity to discover the Circle K Defendants' connection to the gas station.

This Court finds no genuine issue of material fact whether Circle K is a legal entity. Plaintiff's response makes no mention of Circle K's status as a legal entity. Further, Plaintiff provides no evidence that Circle K is an entity that can be sued, although confronted with Defendants' Motion and the affidavit attached. (d/e

6, 6-2). Summary Judgment will be entered on behalf of Defendant Circle K as it is not a legal entity and therefore not a proper party.

Circle K Stores Inc.'s affidavit specifies it is an improper party in this matter, and the proper party has already been served and answered the complaint. Plaintiff does not challenge much of the contents of Mr. DeLano's affidavit. Indeed, Plaintiff does not provide any argument in opposition to the contentions made by the Defendants' assertion as to whether Circle K Stores, Inc is involved in managing the premises. Rather, Plaintiff argues additional discovery is needed and more answers required to determine Circle K's connection to the gas station operating under the name Circle K.

Taking the facts in the light most favorable to Plaintiff, that she tripped and fell on the date at issue on the premises of the convenience store pictured and that the person who owned, maintained, or controlled the premises is liable, this Court cannot find an issue of material fact regarding who that owner and operator is.

Circle K Stores, Inc, who the Defendants admit is a legal entity, incorporated in the state of Texas, is not the company that operates or manages the convenience store located at the premises at issue in

this matter (d/e 5). Instead, Mac's Convenience Store, LLC, d/b/a/ Circle K, admittedly operated and managed the convenience store at issue in April 2022. (d/e 5). Given the operator and manager of the convenience store has been identified as Mac's Convenience Store, LLC, d/b/a Circle K, and the operator and manager has admitted such, there is no issue of material fact as to whether Circle K Stores, Inc operated and managed the premises at issue. Therefore, Circle K Stores, Inc is an improper party and summary judgment is appropriate in its favor.

## V. CONCLUSION

Defendants are entitled to summary judgment as the proper Defendant who operated and managed the premises where the Plaintiff fell, on the date in question, is already named and admittedly doing business as Circle K. Further, Defendants have provided evidence in the form of an affidavit that Circle K is not a legal entity and Circle K Stores, Inc. does not manage the premises at issue. Plaintiff is free to explore any other connections to Circle K through discovery. Therefore, Defendants Motion (d/e 6), which the Court previously converted to a motion for summary judgment, is GRANTED.

**IT IS SO ORDERED.**
**ENTERED: December 4, 2024**

**FOR THE COURT:**

***s/ Sue E. Myerscough***

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**